**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
**CIVIL ACTION NO. 4:21-CV-00011-HBB**

**JANET H.**[1] **PLAINTIFF**

**V.**

**KILOLO KIJAKAZI, ACTING COMMISSIONER**[2]
**SOCIAL SECURITY ADMINISTRATION** **DEFENDANT**

**MEMORANDUM OPINION**
**AND ORDER**

BACKGROUND

Before the Court is the complaint (DN 1) of Janet H. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both Plaintiff (DN 13) and Defendant (DN 18) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **AFFIRMED.**

Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 9). By Order entered August 6, 2021 (DN 10), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

1 Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

2 Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

FINDINGS OF FACT

Plaintiff protectively filed an application for Disability Insurance Benefits on July 9, 2015 (Tr. 259-60). Plaintiff alleges to have become disabled on February 19, 2014, as a result of a back issues, heart issues, stroke, seizures, and neck issues (Tr. 127, 145, 329). The claim was initially denied on September 30, 2015[3] (Tr. 145, 136-37). On reconsideration and an internal quality review, Plaintiff was awarded benefits effective January 7, 2016 (Tr. 138, 145). Thereafter, on July 26, 2016, Plaintiff filed a written request for a hearing before an administrative law judge (Tr. 183-84).

Administrative Law Judge Maribeth McMahon ("ALJ") conducted a hearing from Paducah, Kentucky on February 14, 2018 (Tr. 80-82). Plaintiff was present in person and was represented by her attorney Sara Martin Diaz, who appeared by video conference from Owensboro, Kentucky (Id.). Charlie Wheeler testified by telephone as a vocational expert (Id.).

On September 10, 2018, the ALJ rendered a partially favorable decision pursuant to the five-step sequential process (Tr. 145-55). The ALJ found that Plaintiff was not disabled from February 19, 2014, the alleged onset date, through January 6, 2016; however, on January 7, 2016, Plaintiff became disabled and continued to be disabled through the date of the decision (Tr. 155). Prior to January 7, 2016, Plaintiff was capable of returning to her past relevant work as a court administrator, but after January 7, her RFC prevented her from returning to the past relevant work and no jobs in significant numbers existed in the national economy that Plaintiff could perform (Tr. 154-55).

3 The ALJ's first opinion listed the date of the initial denial as October 6, 2015 (Tr. 145). The Disability Determination and Transmittal document, as well as the date accompanying the Disability Adjudicator/Examiner's signature, lists the date as September 30, 2015 (Tr. 136-37). Thus, the Court will use September date.

As the ALJ noted, the present determination was the result of a remand from the Appeals Council (Tr. 15; *see generally* Tr. 165-67). On February 10, 2020, the Appeals Council reviewed the partially favorable September 10, 2018, determination (Id.). The Council affirmed the determination that Plaintiff was disabled beginning January 7, 2016, but vacated the decision on the issue of disability from February 19, 2014, the alleged onset date, through January 6, 2016 (Id.). Specifically, the ALJ was direct to further evaluate several aspects of Plaintiff's claim (Id.).

The ALJ conducted a new telephone hearing[4] on April 1, 2020, from Madisonville, Kentucky (Tr. 34-37). On the line during the hearing was Plaintiff and her attorney Sara Martin Diaz (Id.). During the hearing, Christopher Rymond testified as a vocational expert (Id.).

On June 17, 2020, the ALJ rendered a new decision that Plaintiff was not disabled from February 19, 2014, through January 6, 2016, pursuant to the five-step sequential process (Tr. 15-25). At the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 19, 2014, the alleged onset date (Tr. 17). At the second step, the ALJ determined Plaintiff had the following severe impairments from February 19, 2014, through January 6, 2016: degenerative disc disease, status post cervical fusion and lumbar fusion, status post May 2015 aortic valve repair, and status post May 2015 post-operative right middle cerebral artery (RMCA) stroke associated with seizures (Tr. 18). The ALJ also opined that Plaintiff has the following nonsevere impairments: depressive disorder, anxiety disorder, and mild cognitive disorder (Id.). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in Appendix 1 (Tr. 20).

4 The hearing was conducted by telephone as a response to the emergence of Covid-19 (Tr. 36). Plaintiff consented to this transition (Tr. 126).

At the fourth step, the ALJ found that, from February 19, 2014, through January 6, 2016, Plaintiff has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. § 404.1567(b), except for the following limitations: Plaintiff could lift and/or carry 20 pounds occasionally and 10 pounds frequently; she could stand, sit, and walk up to 6 hours each in an 8-hour workday with normal breaks; she should have never climbed ladders, ropes, or scaffolds; she could have occasionally climbed ramps and stairs; and she could have occasionally stooped, kneeled, crouched, and crawled (Id.). The ALJ found Plaintiff is able to perform her past relevant work as a court administrator, as the work did not require the performance of work-related activities precluded by the RFC (Tr. 25). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from February 19, 2014, through January 6, 2016 (Tr. 26).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 253-54). The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Hum. Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Hum. Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Hum. Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a

case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Hum. Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-96 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits to persons with disabilities. 42 U.S.C. §§ 401 *et seq*. The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. § 404.1520. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fourth step.

Challenge to Finding No. 5: Changes to RFC and Opinion Weight

1. Arguments of the Parties

Plaintiff presents a two-pronged challenge to the ALJ's pre-January 7, 2016, determination (DN 13-1, pp. 3-6). First, Plaintiff contends the ALJ arbitrarily removed a limitation in the RFC determination, and substantial evidence did not support it (Id. at pp. 3-5). Specifically, a limitation in the first opinion provided that Plaintiff "could sit, stand, and walk for up to 30 minutes at one time each for up to 6 hours total each in an 8-hour workday with normal breaks" and the current limitation reads "she could stand, sit, and walk up to 6 hours each in an 8-hour workday with normal breaks" (Id.) (citing Tr. 20, 148). The main difference is the lack of a 30-minute cap. Looking to the administrative hearing's transcript, Plaintiff argues, "the only reason this limitation was removed was in order to support the ALJ's finding of not disabled during the relevant time period" (Id.) (citing Tr. 63-68). Alternatively, Plaintiff alleges the ALJ improperly "downgrade[d]" the weight afforded to the opinion of the State agency medical consultant from "great weight" to "only some weight" (Id. at pp. 5-6). Thus, Plaintiff argues the ALJ arbitrarily altered the opinion weight and RFC to provide an avenue for the ALJ to affirm her previous opinion after remand (Id.).

In contrast, Defendant maintains that the ALJ's decisions are supported by substantial evidence (DN 18, pp. 4-11). When discussing the RFC determination, Defendant posits that the ALJ "was not bound by her prior findings in the decision dated in September 2018 because it was vacated by the Appeals Council on February 10, 2020" (Id. at p. 5) (citing Tr. 165-67). "Thus, to the extent that the ALJ made different findings in the two decisions regarding the RFC finding and Dr. Blumenfeld's opinion, only the rationale and findings in the June 2020 decision are properly before this court for judicial review" (Id. at pp. 5-6). Moreover, Defendant contends that Plaintiff's argument about the ALJ not addressing the concerns in the remand order "is not a cognizable claim on judicial review" (Id. at p. 6). Instead, Defendant asserts that this Court's role is only to determine whether there is substantial evidence to support the ALJ's current opinion, not whether there is substantial evidence to support the alteration of a previously vacated decision (Id. at pp. 6-7). Turning to this standard, Defendant proclaims that "Plaintiff fails to cite to any medical evidence in support of her arguments that the ALJ erred in assessing the RFC and Dr. Blumenfeld['s] opinion on remand, and thus fails to undermine the ALJ's decision" (Id. at p. 7).

2. The September 2018 Decision

First, the Court must determine whether the first opinion, issued in September 2018, should be considered in reviewing the ALJ's determination. As the parties, the ALJ, and the Court have previously noted, this matter was remanded from the Appeals Council (Tr. 15; Tr. 165-67). In the order, the Council explicitly notes it "vacates the hearing decision only with respect to the issue of disability from February 9, 2014, the alleged disability onset date, through January 6, 2016, and remands this case . . ." (Tr. 165). Defendant persuasively cites Sixth Circuit precedent to support the conclusion that the September 2018 opinion should play no role in the present consideration. In Wireman v. Comm'r of Soc. Sec., the Sixth Circuit stated, "The only final decision in this case

is the March 15, 2000, hearing decision which is now before this court. All other decisions relevant to Wireman's social security disability insurance benefits never became final as they were vacated pursuant to remands for further proceedings." 60 F. App'x 570, 571 (6th Cir. 2003).

Even as recent as this month, this judicial district still reiterates that when the Appeals Council vacates and remands a decision, the decision is no longer a "final decision" requiring deference. Fawn L.H. v. Kijakazi, 2022 U.S. Dist. LEXIS 136030, at *13-14 (W.D. Ky. Aug. 1, 2022) (citing 20 C.F.R. § 404.955; Kearney v. Colvin, 14 F. Supp. 3d 943, 949 (S.D. Ohio 2014) ("An ALJ's decision on the merits of a disability application does not become final and binding if the Appeals Council vacates that decision and remands the matter for further proceedings."); Duda v. Sec'y of H.H.S., 834 F.2d 554, 555 (6th Cir. 1987)). Thus, in Fawn, "ALJ McMahon was not required to rely on, or even consider, her initial decision, since it was not a final decision." Id. at *15 (citing Wireman, 60 F. App'x at 570). Moreover, "[V]acate" is defined as "[t]o nullify or cancel; make void; invalidate[.]" *Vacate*, BLACK'S LAW DICTIONARY (10th ed. 2014); *see also Vacatur (Vacate)*, BOUVIER LAW DICTIONARY (Desk ed. 2011-12) ("To vacate a ruling is to annul it, treating it as if it had not been issued."); Dodrill v. Ludt, 764 F.2d 442, 444-45 (6th Cir. 1985) ("When [Plaintiff] won his appeal and the judgment was vacated, all such factual determinations were vacated with it, and their preclusive effect surrendered."). Therefore, the ALJ's decision not to rely upon the September 2018 opinion comports with applicable law and no error stems from this decision. Thus, the only decision the Court will consider is the decision opined in June 2020.

Now returning to Plaintiff's claims after this finding, the arguments are severely undercut. Both of Plaintiff's claims are premised upon differences between the original version of the decision and the present version (*see* DN 13-1). Thus, when reading Plaintiff's arguments without considering the September 2018 decision, the contentions are as follows: (1) whether there is

substantial evidence to *not* include the 30-minute cap for each instance of sitting, standing, or walking in the RFC (Id. at pp. 3-5); and (2) whether there is substantial evidence to award "only some weight" to the opinion of Dr. Blumenfeld (Id. at pp. 5-6).

The RFC finding is an administrative law judge's ultimate determination of what a claimant can still do despite her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546(c); Rudd v. Comm'r of Soc. Sec., 531 F. App'x 719, 728 (6th Cir. 2013) (the Commissioner is ultimately responsible for assessing a claimant's RFC). An administrative law judge makes this finding based on a consideration of medical opinions and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a)(3), 404.1546(c). Medical opinions expressing functional limitations imposed by a claimant's physical or mental impairments can be generated by treating physicians or psychologists, consultative examining physicians or psychologists, state agency physicians or psychologists who reviewed the claimant's medical records, or medical experts who testify at hearings before an administrative law judge. 20 C.F.R. §§ 404.1502, 404.1513(a)(2), 404.1513a(b), 404.1527, 404.1545(a)(3). Thus, in making the RFC finding, an administrative law judge must necessarily assign weight to the medical source statements in the record and assess the claimant's subjective allegations. 20 C.F.R. §§ 404.1527(c), 404.1529(a). While opinions from treating and examining sources are considered on the issue of residual functional capacity, the ALJ is responsible for making that determination. 20 C.F.R. § 404.1527(d).

As Plaintiff filed her application prior to March 27, 2017 (Tr. 259-60), the rules in 20 C.F.R. § 404.1527 apply to the ALJ's assignment of weight to the medical opinions in the record. The regulations require administrative law judges to evaluate every medical opinion in the record. 20 C.F.R. § 404.1527(c). The process of assigning weight to medical opinions in the record begins with a determination whether to assign controlling weight to the medical opinion of the

treating source. Id. If controlling weight is not assigned to the treating source's opinion, the administrative law judge must consider the factors in paragraphs (c)(1)-(6) of this section in deciding how much weight to accord each of the medical opinions in the record, including the medical opinion from the treating source. Id.

Here, the ALJ conducted the two-step process in considering Plaintiff's symptoms and found that the medically determinable impairments could reasonably be expected to cause the alleged symptoms but statements concerning intensity, persistence, and limiting effects are not fully supported prior to January 7, 2016 (Tr. 21). The ALJ thoroughly discussed Plaintiff's history of stokes with associated seizures, spine surgery, aortic stenosis, and low back and left hip pain and discusses the medical documentation to these effects (Tr. 21-22). Notably, the ALJ found that Plaintiff's treating orthopedists found Plaintiff's low back and leg pain to be resolved in September 2014, but some neck pain began in December 2014 (Tr. 21) (citing Tr. 482-520). Looking to the medical evidence, the ALJ found Plaintiff's "cervical and lumbar degenerative disc disease were well controlled with minimal narcotic pain medications and occasional steroid injections" (Tr. 24) (citing Tr. 488-520, 631-38, 1493-96, 1588-1603). Thus, the ALJ found that the degenerative disc disease did not preclude a light work RFC with additional limitations (Id.). Additionally, the ALJ stated, "Although she reportedly worked only about 4 hours per day 3 days per week, the undersigned finds it is unlikely the claimant would have chosen to perform secretarial work, which involves significant manipulative functioning as well as a significant amount of sitting, if her neck, arm, hip, and back pain were as severe as she has alleged" (Id.).

Plaintiff's Fact and Law Summary does not assert any medical documentation that would require the limitation or that the ALJ's decision to not include this limitation, when not considering the September 2018 opinion, was contrary to applicable law (*see* DN 13-1, pp. 3-5). Looking to

the above analysis, the ALJ's determination to not include the 30-minute cap for each instance of sitting, standing, or walking is supported by substantial evidence and comports with applicable law. Thus, Plaintiff's argument to this effect merits no relief.

As for Dr. Blumenfeld's opinion, the ALJ afforded it "only some weight" (Tr. 25). The ALJ "notes this state agency determination was issued only four months after [Plaintiff] underwent an aortic valve replacement and suffered a post-operative stroke" (Id.). The ALJ then went on to discuss how Dr. Blumenfeld opined lifting limitations, but the ALJ reviewed the record as a whole to find that Plaintiff's ability to lift and carry has improved (Id.). Plaintiff's narrowed arguments do not present any facts or law to suggest why the ALJ was required to award Dr. Blumenfeld's opinion more weight or that the ALJ's decisions to give "only some weight" was contrary to applicable law or unsupported by substantial evidence (*see* DN 13-1). If Plaintiff is attempting to argue that a "sedentary" RFC should be appropriate considering the vocational expert's testimony from Dr. Blumenfeld's opinion (Id. at p. 5), the ALJ clearly stated that, viewing the medical documentation as a whole, Plaintiff's lifting and carrying abilities have improved since Dr. Blumenfeld's opinion (Tr. 25). Therefore, Plaintiff's argument is unpersuasive and does not warrant relief.

To the extent Plaintiff may argue that the ALJ did not address the concerns raised by the Appeals Council or that the ALJ acted as her own medical expert (DN 13-1, p. 6), Plaintiff has not cited any facts or law to support these contentions. It is well-established that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Layne, 192 F.3d 556, 566 (6th Cir.1999) (quoting McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir.1997)); *see also* Brindley v. McCullen, 61 F.3d 507, 509 (6th Cir.1995) (observing that "[w]e consider issues not fully developed and argued to be

waived."); Rice v. Comm'r of Soc. Sec., 169 F. App'x 452, 453 (6th Cir. 2006). Moreover, whether the ALJ addressed the concerns of the Appeals Council "is not cognizable on judicial review." Hunter v. Saul, No. 1:19-CV-00120-LLK, 2020 U.S. Dist. LEXIS 87904, *4 (W.D. Ky. May 19, 2020). "Although the 'Sixth Circuit has not addressed the issue, ... the overwhelming majority of courts in this circuit ... have determined that federal courts lack jurisdiction to consider whether an administrative law judge complied with the Appeals Council's instructions on remand.'" Id. (quoting Hubbard v. Comm'r of Soc. Sec., No. 18-11758, 2019 U.S. Dist. LEXIS 163148, *7 (E.D. Mich. June 10, 2019) (collecting cases)). Thus, these issues are not cognizable for review or waived.

Conclusion

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law. Id. After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law. Therefore, Plaintiff is not entitled to relief with regard to her challenge.

ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

August 4, 2022

Copies: Counsel of Record